IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 01-35 |
| | ) | See Civil Action No. 05-84 |
| LARRY STULER, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 18th day of May, 2006, upon consideration of Petitioner's pro se "Motion Filed Under 28 U.S.C. § 2255" (document No. 84) filed in the above captioned matter on January 25, 2005, and upon further consideration of the Government's Response thereto,

IT IS HEREBY ORDERED that said Motion is DISMISSED WITH PREJUDICE.

AND, FURTHER, upon consideration of Petitioner's pro se "Motion Filed Pursuant to 28 U.S.C. § 2255 to Expand the Record" (document No. 90) filed in the above captioned matter on March 2, 2006,

IT IS HEREBY ORDERED that said Motion is DENIED.

I.  Background

On July 20, 2001, Petitioner was convicted at trial of three counts of willful failure to file tax returns in violation of 26 U.S.C. § 7203. On October 11, 2001, Petitioner was

sentenced by this Court to 12 months' imprisonment at each of Counts One and Two, to be served concurrently, and 12 months' imprisonment at Count Three, to be served consecutively, for a total term of imprisonment of 24 months. The Court further sentenced Petitioner to a term of supervised release of one year at each of Counts One, Two, and Three, to be served concurrently, and to a $20,000.00 fine.

Petitioner was released from imprisonment on October 8, 2003, at which time his one-year term of supervised release commenced. Although this term of supervised release was, therefore, set to expire on October 7, 2004, the Probation Officer filed a Petition on Supervised Release on October 23, 2003 (document No. 71), alleging that Petitioner had failed to pay the fine imposed as part of his sentence, and a second Petition on Supervised Release on October 29, 2003 (document No. 72), alleging that Petitioner had violated the terms of his supervised release by failing to make arrangements with the Internal Revenue Service ("IRS") for payment of outstanding taxes, interest, and penalties owed and that he had failed to timely file federal, state, and local tax returns and to pay any taxes due and owing as required by law. A hearing on these alleged violations was scheduled, but was continued several times as the parties attempted to resolve the situation.

Finally, on September 27, 2004, a conference was held, at which the parties indicated that they agreed that the IRS would levy Petitioner's State Farm IRA worth approximately $290,000.00 and would also levy an additional $100,000.00 and freeze that levy until Petitioner provided the IRS with the amount of state and local taxes due.  The parties further agreed as to how these funds would be used to pay the federal, state, and local taxes due.  The Court issued a bench warrant for Petitioner's arrest to be held in abeyance for two months and continued the hearing on the alleged violations until December 2, 2004.  The hearing was subsequently rescheduled and then canceled.  On December 15, 2004, the bench warrant was withdrawn.  In late December 2004, the Probation Officer confirmed with Petitioner that his term of supervised release had expired.

On January 25, 2005, Petitioner filed the present Section 2255 motion.  The Government argues that the motion is untimely, asserting, *inter alia*, that, since his term of imprisonment and supervised release expired prior to the filing of the motion, Petitioner was not "in custody" as required under 28 U.S.C. § 2255.  In response, Petitioner filed a *pro se* "Motion Filed Pursuant to 28 U.S.C. § 2255 to Expand the Record."  Petitioner does not, in that motion, address the issue of whether he was in custody, but, rather, indicated that he needed to take discovery in this case.

II.     Discussion

Section 2255 provides, in relevant part:

> A prisoner **in custody under sentence** of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (emphasis added). Therefore, in order to bring an action under Section 2255, a defendant must be in custody. See United States v. Woods, 986 F.2d 669, 676 (3d Cir. 1993). A defendant is "in custody" while incarcerated or on supervised release. See United States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir. 1993); Maleng v. Cook, 490 U.S. 488, 490-93 (1989).[1] Here, Petitioner was clearly no longer incarcerated at the time he filed his Section 2255 motion on January 25, 2005, and, as discussed above, his supervised release terminated in December 2004. As such, Petitioner was not in custody as required under Section 2255, and the Court therefore lacks jurisdiction over his Section 2255 motion.

---

[1] Although Maleng dealt with a habeas corpus petition filed pursuant to 28 U.S.C. § 2254, the "in custody" requirements under Section 2254 are identical to those for federal prisoners under Section 2255. See United States v. Washington, 341 F.2d 277, 280 (3d Cir. 1965); United States v. Marron, Nos. Crim. A 93-90, Civ. A 95-2231, 1996 WL 677511, at *2 n.3 (E.D. Pa. Nov. 22, 1996).

It should be noted that this is not a case in which the Government is arguing that Petitioner's motion is moot because his term of imprisonment and/or supervised release ended *subsequent* to the filing of the motion. Rather, the Government contends, and the facts demonstrate, that Defendant was not in custody at the time he filed his Section 2255 motion. Therefore, the collateral consequences doctrine has no application in this case. See <u>United States v. Griffith</u>, No. Crim. 3CR040004, 2005 WL 2648340, at *4 (M.D. Pa. Oct. 17, 2005).

Accordingly, Petitioner's Section 2255 motion is dismissed for want of jurisdiction.[2] Further, because the Court lacks jurisdiction, it does not reach the merits of Petitioner's claims, and there exists no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

s/Alan N. Bloch
United States District Judge

---

[2] Although the Government has not filed a motion to dismiss, it does seek dismissal of the motion in its response to Petitioner's motion.

[3] Since the record is clear as to when Petitioner's term of supervised release and sentence ended, and as to when the present Section 2255 motion was filed, there is no need for discovery in this matter, and Petitioner's <u>pro se</u> Motion Filed Pursuant to 28 U.S.C. § 2255 to Expand the Record is therefore denied as moot.

cc/ecf:    Asst. U.S. Atty. Leo Dillon

           Larry Stuler
           (Forwarded certified mail, return receipt requested;
            and regular first class mail)